# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTIN HIESHETTER (nee McDonough) and
MATTHEW HIESHETTER,

        Plaintiffs,

    -vs-                                                         Case No. 10-C-807

LIBERTY INSURANCE CORPORATION,

        Defendant.

## DECISION AND ORDER

This diversity action is a legal malpractice claim. Kristin Hieshetter was in an automobile accident on April 12, 2006. Ms. Hieshetter and her husband Matthew retained counsel to pursue claims relating to Ms. Hieshetter's physical injuries in the accident. Plaintiffs' counsel did not file suit within the statute of limitations. After the limitations period expired, plaintiffs' counsel was able to secure a monetary settlement. The defendant, Liberty Insurance Corporation, moves for summary judgment because expert testimony is required to satisfy many elements of the plaintiffs' claims, and the plaintiffs did not comply with the disclosure requirements for expert testimony.

To succeed on their claims for legal malpractice, the plaintiffs must establish (1) the existence of an attorney-client relationship, (2) the attorney's negligence, (3) causation and (4) damages. *McKnight v. Gingras*, 966 F. Supp. 801, 804 (E.D. Wis. 1997). "Expert testimony is generally necessary in legal malpractice cases to establish the parameters of

acceptable professional conduct, given the underlying fact situation. Expert testimony is not required in cases where the breach is so obvious that it may be determined by the court as a matter of law or where the standard of care is within the ordinary knowledge and experience of the jurors." *Helmbrecht v. St. Paul Ins. Co.*, 362 N.W. 2d 118, 128 (Wis. 1985). One exception to the general rule is that expert testimony is not required to establish the standard of care where the negligence of the attorney involved the failure to follow his client's instructions. *Olfe v. Gordon*, 286 N.W.2d 573, 577-78 (Wis. 1980). In such circumstances, the case is "controlled by the law of agency." *Id.* at 578.

Plaintiffs argue that it was unnecessary to comply with the relevant disclosure requirements because they do not need expert testimony to prove that their attorney breached the applicable standard of care. According to the plaintiffs, when an attorney fails to file a timely lawsuit, the attorney's negligence is "apparent and undisputed," demonstrating "obvious and explicit carelessness." *Olfe* at 577. This is an overly simplistic view of an attorney's duty to his client. "It is a lawyer's duty in rendering legal services to a client to exercise that degree of care, skill and judgment which is usually exercised under like or similar circumstances by lawyers licensed to practice in this state. A lawyer is not held to a standard of perfection, but must exercise his best judgment in light of his education and experience. Judgment involves a reasoned process based on the accumulation of all available pertinent facts. An attorney will not be held liable for errors in judgment that are made in good faith, are well founded and are in the best interests of his client." *DeThorne v. Bakken*, 539 N.W. 2d 695, 697 (Wis. Ct. App. 1995). It is certainly possible that plaintiffs' counsel

came to the conclusion that filing suit was not a prudent course of action because it would negatively impact what turned out to be a successful settlement. The settling defendants in the underlying case were presumably aware of the statute of limitations. It cannot be said without further examination that such a strategy would amount to legal malpractice. Whatever the justification, it is the plaintiffs' burden to establish that their attorney's failure to file within the limitations period was negligent. This they cannot do without expert testimony on the applicable standard of care.

Expert testimony is also required to establish whether Ms. Hieshetter's injuries were caused by the car accident and the extent of her damages. *See, e.g., Pucci v. Rausch*, 187 N.W.2d 138, 141 (Wis. 1971). Plaintiffs argue that they are excused from the disclosure requirements because they are not planning to call any "retained" experts. Ms. Hieshetter is a chiropractor, and she argues that this makes her "singularly suited to provide testimony as to how her chiropractic business has been affected by her lingering physical difficulties." But non-retained experts are also subject to disclosure requirements. Fed. R. Civ. P. 26(a)(2)(C); Civil L.R. 26(b)(1)(B) (E.D. Wis.) (referencing Fed. R. Civ. P. 26(a)(2)(B)(i)). It is undisputed that the plaintiffs failed to make the required disclosures. Plaintiffs' failure to comply with these provisions cannot be characterized as harmless. Fed. R. Civ. P. 37(c)(1). "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Musser v. Gentiva Health Serv.*, 356 F.3d 751, 757 (7th Cir. 2004). Failure to disclose the identity of expert witnesses causes prejudice because "there are countermeasures that could have been taken

that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report." *Id.* at 757-58. Accordingly, "even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony." *Id.* at 758.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Liberty's motion to exclude expert witnesses [ECF No. 11] is **GRANTED**;

2. Liberty's motion for summary judgment [ECF No. 12] is **GRANTED**; and

3. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**